■ SANTOS D. UMANA, Appellant, v SCM S.P.A., Respondent, et al., Defendants. (And a Third-Party Action.) [737 NYS2d 556] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCabe, J.), entered March 20, 2001, which denied his motion to compel disclosure.

Ordered that the order is affirmed, with costs.

The plaintiff commenced the instant action against the defendant SCM S.p.A. (hereinafter SCM), an Italian corporation, and various other defendants alleging, inter alia, negligence in the manufacture of a commercial woodworking table saw that the plaintiff was operating when he sustained personal injuries.

SCM objected to the plaintiff's interrogatories, some 72 in number, and request for a deposition, asserting that the plaintiff had not complied with the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (23 UST 2555, TIAS No. 7444; hereinafter the Convention). The plaintiff moved to compel disclosure and the Supreme Court denied the motion. We affirm.

The Convention, an international treaty to which the United States and Italy are signatories, prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state. In considering the application of the Convention's procedures, the trial court should consider the particular facts of the case, sovereign interests, and the likelihood that resort to those procedures will prove effective (see, *Societe Nationale Industrielle Aerospatiale v United States Dist. Ct.,* 482 US 522, 544; *Doster v Schenk,* 141 FRD 50, 52). While initial resort to the Convention's procedures is not obligatory (see, *Societe Nation-*

*ale Industrielle Aerospatiale v United States Dist. Ct., supra),* the Supreme Court providently exercised its discretion in requiring the plaintiff to follow the Convention's procedures in the first instance. Therefore, the motion to compel disclosure was properly denied. Florio, J.P., Smith, McGinity and Crane, JJ., concur.